IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                    PLAINTIFF

v.                          Case No. 4:22-cv-00820-KGB

BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P., *et al.*                                                                       DEFENDANT

# ORDER

Before the Court is plaintiff Equal Employment Opportunity Commission's ("the Commission") motion for attorney's fees (Dkt No. 43). Defendants Brinker International Payroll Company, L.P. ("BIPC"), Brinker International, Inc. ("BI"), and Brinker Arkansas, Inc. ("BA") d/b/a Chili's Grill & Bar ("Chili's") (collectively "Defendants") filed a response in opposition (Dkt. No. 45).

The Commission seeks fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and this Court's prior Order granting the Commission's motion to compel (Dkt. No. 40). Under Federal Rule of Civil Procedure 37(a)(5)(A)(ii), this Court is prohibited from awarding the prevailing party in a discovery dispute attorney's fees when "the opposing party's nondisclosure, response, or objection was substantially justified." That is the dispute in this case. Chili's claims its resistance to complying with the document production request for the entire Brinker Payroll Policies and Procedures Manual (the "Manual") was substantially justified (Dkt. No. 45). Further, Chili's asserts that, even if the Court is inclined to award fees here, the Court should reduce the amount of fees awarded because the Commission "failed to exercise billing judgment or provide sufficient evidence supporting its alleged fees." (*Id.*, at 5). The Commission requests $2,960.00 as the value of time expended to compel Chili's to produce the Manual (Dkt. No. 44, at 6).

This history of this discovery dispute was set out by the Court in its Order ruling on the motion to compel and will not be repeated here (Dkt. No. 40). The reasons for the Court granting the Commission's motion to compel production of the Manual were set out by the Court in its Order and will not be repeated here (*Id.*). The Court does not find that Chili's overall position taken in this discovery dispute was substantially justified. Plaintiffs in an employment dispute should not be made to take the word of defendant employers as to what portions of a policy manual may be relevant to the overall employment dispute. Further, plaintiffs should not be made to guess as to which portions of the policy manual may be relevant based solely on a table of contents fashioned by defendant employers. Moreover, there is no dispute that the Manual was provided to those parties involved in the underlying facts of this dispute.

However, the Court also determines that the time spent by four lawyers on this relatively straight forward discovery dispute was significant, involved multiple senior level lawyers reviewing what appear to be the same filings (Dkt. Nos. 44-1, 44-2, 44-4), and included time spent by more junior lawyers that appears to account for reviewing all discovery produced by Chili's or at least more than the narrow discovery issue involved in this dispute (Dkt. No. 44-3, at 5 (calculating 6.0 hours for reviewing "Defendants' production, prepared conferral emails and conducted legal research in preparation of motion to compel"). For these reasons, the Court exercises its discretion and reduces the amount requested by the Commission.

Having considered the full record before the Court and all controlling authorities, the Court exercises its discretion and awards the Commission $1,500.00 in attorney's fees.

It is so ordered this 26th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge